**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Joseph Griffiths


     v.                                    Civil No. 08-cv-507-JL

Lloyds of London, and
Stokes, Croton, and Wilson


**O R D E R**

　　Joseph Griffiths has filed this action, alleging a breach of his homeowner's insurance contract by defendant, pursuant to the diversity jurisdiction of this Court. See 28 U.S.C. § 1332(a)(2) (providing for jurisdiction in this Court for certain cases where the parties are citizens of a state and citizens or subjects of a foreign state). Because Griffiths is proceeding pro se and in forma pauperis, the matter has come before me for preliminary review to determine, among other things, whether or not the complaint states a claim upon which relief might be granted. See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B) (authorizing magistrate judge to conduct preliminary review where complaint is filed pro se and in forma pauperis).

Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

Background

Although the complaint is scant in detail, reading it liberally and construing it generally, as I must, I find that it reveals the following facts. Griffiths owned a home in Groveton, New Hampshire, that burned down on December 19, 2007. The home was insured by Lloyds of London ("Lloyds"), and Griffiths' policy was fully paid. Griffiths asserts that although his claim was valid, Lloyds refused to pay it. Griffiths values his loss at $384,000. Griffiths asserts that Lloyds, and its partner, Stokes, Croton, and Wilson, have relied on lies and inaccurate information to improperly deny his claim, in breach of his homeowner's insurance contract.

Discussion

"Under the common law of New Hampshire, '[a] breach of contract occurs when there is a failure without legal excuse to perform any promise which forms the whole or part of a contract.'" Sabinson v. Trs. of Dartmouth Coll., 2007 WL 4191943, at *17 (D.N.H. Nov. 21, 2007) (quoting Bronstein v. GZA GeoEnvironmental, Inc., 140 N.H. 253, 255 (1995) (internal quotations omitted)). Presuming, for purposes of preliminary review, that a valid contract existed between Griffiths and

defendants, Griffiths has alleged that defendants improperly, and without a legal reason to do so, refused and failed to perform their duties to him under his homeowners' insurance contract when they failed to pay his claim for his $384,000 property loss. Accordingly, I find that Griffiths has stated the minimum facts necessary to state a claim for a breach of contract under New Hampshire law.  I further find that this Court's diversity jurisdiction has been properly invoked.  See 28 U.S.C. § 1332(a)(2) (allowing for subject matter jurisdiction over civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of a State and citizens or subjects of a foreign state).

## Conclusion

Without commenting on the merits of the complaint, I find that plaintiff has stated a claim upon which relief may be granted.  Accordingly, I order that the complaint be served on defendants.  My review of the file indicates that plaintiff has filed summons forms for each defendant.  The Clerk's office shall issue the summonses against defendants.  As the defendants are foreign corporations, I direct service under Fed. R. Civ. P. 4(h)(1) & (2).  Specifically, the Clerk's office is directed to

forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summonses and copies of the complaint (document no. 1) and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service in this judicial district upon the defendants' attorney, Andrew Ranx of Boyle, Morrissey, and Campo, 650 Elm Street, Suite 401, Manchester, New Hampshire.  See Fed. R. Civ. P. 4(h)(1)(B) (allowing service on a foreign corporation within a judicial district of the United States by delivery of a copy of the summons and complaint to an agent authorized by law or appointment to receive service of process).  Further, I direct the Clerk's office to mail copies of the complaint (document no. 1) and this Order to the defendants at the addresses provided on the summons forms, by any method that requires a signed receipt. See Fed. R. Civ. P. 4(h)(2) (authorizing service of a foreign corporation at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual in a foreign country); Fed. R. Civ. P. 4(f)(C)(ii) (allowing service of an individual in a foreign country by mail addressed by the Clerk of Court, by any form that requires a signed receipt).

Defendants are instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:    March 3, 2009

cc:      Joseph Griffiths, pro se