```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Joseph Griffiths

    v.                              Civil No. 08-cv-507-JL

Certain Underwriters
at Lloyds, London and Croton
Stokes Wilson Limited


**MEMORANDUM ORDER**

Following this court's issuance of a written order granting the defendants' motion for summary judgment, plaintiff pro se Joseph Griffiths filed motions seeking a variety of relief, including reconsideration of that order.  As Griffiths points out, the order incorrectly states in three places that he had been indicted on the forgery charges "less than one year" before he submitted the insurance application.  2010 DNH 069, 10, 22, 26.  In fact, as the order also states, Griffiths had been indicted on the charges in March and June 2005, but had not submitted the application until August 2007, id. at 10-11, so actually more than two years passed between those events.

The court apologizes for the error.  But it did not affect the outcome of the defendants' motion for summary judgment.  It remains undisputed that Griffiths had been indicted for "the crime of fraud," as that term appeared in the application, within the five years before he submitted it, yet falsely answered that

he had not been.  Griffiths does not attest or even argue that passage of slightly more than two years between these events, as opposed to slightly less than one, had any effect on his knowledge of the indictments or what they charged.  Instead, in an argument essentially acknowledging that how much time passed is irrelevant, Griffiths claims that he never understood the charges in the first place.  As explained in the order, no rational finder of fact could accept that.  Not only did Griffiths attest to his understanding of the charges in entering his not guilty pleas to them, he has yet to explain how else he could have understood eight separate indictments, each specifically alleging that he forged a particular deed with the purpose to defraud.

Griffiths also argues, as he did in his objection to the motion, that he was told before he submitted the application that the charges had already been dismissed.  But Griffiths has never provided any sworn testimony or other evidence that he received that advice.  In reality, the charges were not dismissed until December 2007, more than four months after he submitted the application.  And it is irrelevant.  As the order notes, the application asked him whether he had been "indicted for or convicted of any degree of the crime of fraud," not just whether he had been convicted.

Finally, Griffiths argues that this question was "illegal" in the first place by virtue of N.H. Rev. Stat. Ann. § 651:5, X(c), which provides that a person cannot be required to disclose charges that have been annulled "[i]n any application for employment, license or other civil right or privilege."  But, at the time Griffiths submitted the application, the charges had yet to be annulled--they still have not been--and, indeed, they had not even been <u>dismissed</u> at that point.  So the statutory annulment procedure has nothing to do with this case, as also noted in the summary judgment order.

Griffiths complains, perhaps not without some justification, of the negative consequences of criminal charges that are never proven yet remain on the accused's record simply because they were brought.  His solution to that problem here, though, would have been to complete the statutory annulment procedure before he submitted the application, or to try to find an insurer who would issue him a policy without asking about criminal charges that did not result in convictions--rather than falsely saying he had not been indicted for a crime he was under indictment for at that very moment simply because he believed the charges were baseless and would soon be dismissed.  That deprived the insurer of the accurate and material information to which it was contractually entitled in deciding whether to issue the policy to Griffiths.

Accordingly, Griffiths's motion for reconsideration (document no. 46) is DENIED.  In recognition of the errors it identifies in the court's order granting the defendants' motion for summary judgment, however, that order is amended as follows:

- Page 10   The phrase "--less than one year before Griffiths signed the application--" is stricken.

- page 22   The sentence "And this all happened less than one year before Griffiths signed the insurance application." is stricken.

- page 26   The phrase "less than one year beforehand" is stricken and replaced with "in entering his pleas of not guilty to them".

In light of this result, Griffiths's motions for a continuance (document no. 47), to reconsider the defendants' motions in limine and to bifurcate and Griffiths's motion to refer the case to the magistrate judge (document no. 48), and "for questions to be presented to jurors" (document no. 52) are DENIED as moot.  (This last motion appears to propose questions for juror voir dire, but also purports to show why Griffiths "should be entitled to jury trial in this matter."  Insofar as this is intended as another motion to reconsider the court's entry of summary judgment for the defendants, it is DENIED for the reasons stated above.)  Griffiths's motion to declare the use of summary judgment unconstitutional (document no. 50) is DENIED.  See, e.g., In re Peterson, 253 U.S. 300, 310 (1920) ("No one is

4

entitled in a civil case to trial by jury, unless and except so far as there are issues of fact to be determined").

Finally, Griffiths's motion to declare that the Constitution requires the immediate expungement of criminal charges upon dismissal or acquittal (document no. 51) is DENIED because that claim is not presented by this case. Again, the forgery charges against Griffiths had not even been dismissed at the time he submitted the application, so a rule requiring immediate expungement upon dismissal would not make the outcome of this proceeding any different. The court notes, however, that as a matter of equity, to say nothing of constitutional command, "individuals who were never convicted are not entitled to expungement of their arrest records as a matter of course." <u>Doe v. Webster</u>, 606 F.2d 1226, 1231 (D.C. Cir. 1979).

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  May 14, 2010

cc:  Joseph Griffiths, pro se
     Ralph Suozzo, Esq.
     Grace V.B. Garcia, Esq.